UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**DEREK T. SMITH**                                                                                    **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 1:11CV-P152-M**

**SHARRON HOUCHENS** *et al.*                                                         **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Derek T. Smith filed a *pro se* civil action while incarcerated at the Barren County Detention Center.  On October 12, 2011, the Clerk of Court issued a deficiency notice to Plaintiff directing him to (1) prepare and submit a summons for each Defendant; and (2) either pay the $350.00 filing fee in full or file a motion to proceed *in forma pauperis* along with a certified copy of his inmate trust account statement for the six-month period immediately preceding the filing of his complaint.  The deficiency notice advised Plaintiff that failure to comply within 30 days, without good cause shown, would result in this matter being brought to the attention of the Court.  Plaintiff failed to respond.

Consequently, by Order entered December 12, 2011, the Court ordered Plaintiff to show cause why the instant action should not be dismissed for failure to comply with the Clerk's October 12, 2011, deficiency notice, or alternatively, to prepare and submit a summons for each Defendant and either pay the $350.00 filing fee in full or file a fully completed application to proceed without prepayment of fees and submit a certified copy of his inmate trust account statement for the six-month period immediately preceding the filing of the complaint.  The Court warned Plaintiff that his failure to comply within 30 days would result in dismissal of the action.  On December 19, 2011, the copy of the Court's Order sent to Plaintiff was returned by the U.S.

Postal Service marked "Return To Sender, Unclaimed, Unable to Forward," and a handwritten notation indicated, "Not Here."

Upon filing the instant action, Plaintiff assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims. *See* Local Rule 5.2(d) ("All pro se litigants must provide written notice of a change of address to the clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Apparently, however, Plaintiff is no longer incarcerated at his address of record, and because he has not provided any forwarding address to the Court, neither notices from this Court nor filings by Defendants can be served on him. In such situations, courts have an inherent power "acting on their own initiative to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because it appears to this Court that Plaintiff has abandoned any interest in prosecuting this case, the Court will dismiss the action by separate Order.

Date:

cc:     Plaintiff, *pro se*
4414.005